1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY GOODS,

11            Plaintiff,                    No. 2:12-cv-01111 EFB P

12       vs.

13   TIM V. VIRGA, et al.,
                                      ORDER AND
14            Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  The sole remaining defendant, Hamkar, has filed a motion to dismiss.  ECF No.

18   19.  Also before the court is plaintiff's motion for a preliminary injunction.  ECF No. 23.  For the

19   reasons explained below, both motions must be denied.

20   **I.       The Complaint**

21          This action proceeds on the verified complaint filed on April 16, 2012.  ECF No. 1.  In

22   the amended complaint, plaintiff asserts that, on January 3, 2011, he was summoned to

23   defendant's office.  *Id.* at 3.  He showed defendant, a prison physician, that his left knee was

24   swollen to four times its normal size.  *Id.* at 3-4.  Defendant responded that he had called

25   /////

26   /////

1

1  plaintiff to his office to address plaintiff's administrative grievance ("602").[1]  *Id.* at 4.  Defendant

2  told plaintiff that he would respond to the grievance in writing but could not see him at that time

3  about his knee.  *Id.*  This decision "was motivated by [plaintiff's] 602 complaints."  *Id.*

4         On January 10, 2011, defendant examined plaintiff and provided him with crutches,

5  naproxen for swelling, and an appointment for an x-ray.  *Id.*  Plaintiff received the x-ray on

6  January 12, 2011.  *Id.*  On reading the x-ray, a Dr. Bemrick concluded that plaintiff was "at risk

7  for ligament damage."  *Id.*  Defendant ignored Dr. Bemrick's conclusion, however, and

8  diagnosed plaintiff on January 24, 2011 with a knee strain, for which he prescribed physical

9  therapy.  *Id.*  Plaintiff "voiced [his] concerns" at defendant's diagnosis, because the x-ray would

10  not reveal the ligament injuries which Dr. Bemrick had concluded plaintiff was at risk for.  *Id.*

11  Plaintiff wished for an MRI.  *Id.*

12         In mid-February 2011, a Dr. Dillion ordered an MRI for plaintiff.  *Id.*  Plaintiff was given

13  the MRI in March 2011, which revealed that plaintiff had "major multiligamentous injuries" in

14  his knee.  *Id.* at 4, 8.  Plaintiff was provided an orthopedic consultation with a Dr. Dowbak on

15  April 18, 2011 at an outside hospital.  *Id.*  Dr. Dowbak told plaintiff he could address the knee

16  injury either through surgery or through the combination of a double-hinged knee brace and

17  physical therapy.  *Id.*  Plaintiff opted for the brace and therapy.  *Id.*

18         Plaintiff was told that he could not get the double-hinged brace, however, because the

19  brace had metal in it, which triggered institutional security concerns.  *Id.* at 4-5.  Plaintiff claims

20  that he was "singled out" for these concerns, because other inmates in the same yard allegedly

21  had double-hinged knee braces with metal.  *Id.*  Dr. Dillion ordered plaintiff a neoprene brace

22  with velcro on April 18, 2011.  *Id.* at 5.

23  /////

24

25         [1] Grievances are completed and filed by inmates on a California Department of
   Corrections and Rehabilitation form 602 and are often referred to by inmates and prison staff as
26  602's.

                                              2

1    On June 9, 2011, after plaintiff had submitted additional 602s, defendant summoned

2    plaintiff to his office and said he would order the brace.  *Id.*  Defendant responded to one of

3    plaintiff's 602s on June 29, 2011 by saying again that he would order the brace.  *Id.*  Plaintiff did

4    not receive the brace, however.  *Id.*  On September 21, 2011, R.N. Linggi responded to plaintiff's

5    interview request by telling him that defendant had changed his mind and would not order the

6    brace.  *Id.*  On October 5, 2011, in response to another interview request, Linggi told plaintiff

7    that defendant now felt that plaintiff's knee condition did not "meet criteria of medical

8    necessity."  *Id.*

9    Plaintiff claims that defendant acted, or failed to act with "deliberate disregard" for

10   plaintiff's well-being by: (1) ignoring Dr. Bemrick's conclusion that there was a risk that

11   plaintiff had soft tissue ligament tears; (2) failing to follow Dr. Dowbak's recommendation that

12   plaintiff be given a double-hinged knee brace; and (3) not examining plaintiff's obviously

13   swollen knee on January 3, 2011.  *Id.*

14   **II.    Rule 12(b)(6) Standard**

15   In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must

16   contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.*

17   *v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007)  (stating that the 12(b)(6) standard that

18   dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would

19   entitle him to relief "has been questioned, criticized, and explained away long enough," and that

20   having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an

21   accepted pleading standard").  Thus, the factual allegations of the complaint must amount to

22   "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of

23   action. *Id.* at 1965.  Instead, the "they  must be enough to raise a right to relief above the

24   speculative level on the assumption that all the allegations in the complaint are true (even if

25   doubtful in fact)."  *Id.* (internal citation omitted).  Dismissal may be based either on the lack of

26   /////

1   cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

2   theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3          In assessing the sufficiency of the complaint it's factual allegations are accepted as true.

4   *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).  The court construes

5   the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.

6   *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations

7   are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of*

8   *Wildlife*, 504 U.S. 555, 561 (1992).

9          The court may disregard allegations contradicted by the complaint's attached exhibits.

10   *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*

11   *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).  Furthermore, the court is not required to accept as

12   true allegations contradicted by judicially noticed facts.  *Sprewell v. Golden State Warriors*, 266

13   F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.

14   1987)).  The court may consider matters of public record, including pleadings, orders, and other

15   papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.

16   1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104

17   (1991)).  "[T]he court is not required to accept legal conclusions cast in the form of factual

18   allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*

19   *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

20   unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.

21          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

22   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure

23   its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

24   dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

25   809 F.2d 1446, 1448 (9th Cir. 1987).

26   /////

**III.    Analysis**

Defendant advances two principal arguments in support of dismissal: (1) that plaintiff has failed to state a claim upon which relief may be granted and (2) that defendant is entitled to qualified immunity.  Each argument will be addressed in turn.

**A.    Failure to State a Claim**

**1.    Eighth Amendment**

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  An officer has been deliberately indifferent if he was (a) subjectively aware of the serious medical need and (b) failed to adequately respond.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  Deliberate indifference may be manifested by a prison official's intentional interference with a prisoner's medical treatment.  *Jett*, 439 F.3d at 1096.

A defendant's negligence does not constitute deliberate indifference (thus, conduct that falls within the standard of care also necessarily comports with the Eighth Amendment).  *Estelle*, 429 U.S. at 106.  Nor does a plaintiff's general disagreement with the treatment he received.  *Id.*; *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference.  *Jackson*, 90 F.3d at 332.  Rather, the plaintiff must show that defendants were aware of the risk of harm and that their response to the risk was medically unacceptable under the circumstances.  *Id.*

Defendant argues that plaintiff has failed to state sufficient facts that, if true, would establish an Eighth Amendment violation.  First, defendant argues that plaintiff's allegations that

1    plaintiff presented to defendant with a swollen knee in need of treatment on January 3, 2011, but

2    that defendant did not treat the knee until January 10, 2011, fails to state a claim because it

3    merely asserts a delay in treatment that caused no harm to plaintiff.  The argument understates

4    the facts pleaded in the complaint.  The complaint alleges that on January 3, 2011, plaintiff

5    "could not walk" and his knee was swollen to four times its normal size.  ECF No. 1 at 3.

6    Defendant allegedly did not provide necessary treatment (naproxen for swelling and crutches)

7    for seven days, instead leaving plaintiff with painful and swollen knee and an inability to walk

8    for that time period.  *Id.* at 4.  These allegations suffice to show that defendant's delay exposed

9    plaintiff to needless suffering between January 3rd and January 11th.  *See Kimpel v. Walker*, 472

10   Fed. Appx. 656, 657 (9th Cir. 2012).

11           Defendant next argues that plaintiff has not stated facts that would show that he suffered

12   from a serious medical need.  According to defendant, "alleged swelling of the knee coupled

13   with a conclusory allegation that any lay person would easily recognize the necessity for a

14   doctor's attention" does not show a condition posing a substantial risk of harm.  ECF No. 19-1 at

15   5.  Again, the argument unduly minimizes the facts alleged in the complaint.  Plaintiff alleges

16   that his knee was swollen to four times its normal size and that he could no longer walk.  These

17   facts, if true, establish a condition that, if left untreated, was likely to result in further significant

18   injury or the unnecessary and wanton infliction of pain.

19           Defendant argues that plaintiff has failed to allege that his condition was "left

20   unattended."  *Id.*  This argument is premised on a misunderstanding of the deliberate indifference

21   standard.  Plaintiff is not required to allege that he received *no* attention for his medical need.

22   Rather, to state facts showing that he had a serious medical need, plaintiff must allege that he

23   suffered from a condition that, *if* left unattended, could result in further significant injury or the

24   unnecessary and wanton infliction of pain.  Plaintiff has done so here.

25           Lastly, defendant argues that plaintiff's allegations, if taken as true, establish only that he

26   disagreed with defendant's diagnosis and other doctors disagreed with defendant's diagnosis or

prescribed treatment.  It is true that plaintiff alleges that he wanted, and other doctors

recommended, different treatment.  It is not clear at this stage in the proceedings, however,

whether the evidence will show that this was a simple disagreement over two reasonable courses

of treatment or whether these other doctors disagreed with defendant's treatment because that

treatment was not reasonable under the circumstances.

Plaintiff's complaint alleges facts sufficient to show that he suffered from a serious

medical need of which defendant was aware and to which defendant did not adequately respond.

Accordingly, defendant's request to dismiss plaintiff's Eighth Amendment claim against him

should be denied.

## 2.   **First Amendment**

To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

"(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the

First Amendment includes communications that are "part of the grievance process."  *Brodheim v.*

*Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

Defendant first argues that plaintiff has failed to state a viable retaliation claim because

plaintiff's allegations show that defendant's refusal to provide plaintiff with a metal-hinged knee

brace served the legitimate correctional goal of preserving institutional security.  Plaintiff

alleges, however, that other inmates were provided such braces.  "[P]rison officials may not

defeat a retaliation claim on summary judgment simply by articulating a general justification for

a neutral process, when there is a genuine issue of material fact as to whether the action was

taken in retaliation for the exercise of a constitutional right."  *Bruce v. Ylst*, 351 F.3d 1283, 1289

(9th Cir. 2003).  Here, plaintiff's allegation that other inmates were provided metal-hinged

braces, if taken as true and left unexplained, raises the inference that retaliation rather than

1   institutional security motivated the choice to deny plaintiff such a brace.  While defendant

2   undoubtedly contends that a legitimate purpose, not retaliation, motivated the decision to deny

3   plaintiff (and presumable other inmates) metal-hinged braces, plaintiff's contrary allegations are

4   sufficient to state a claim.

5        Defendant next argues that plaintiff has not alleged that defendant's refusal to treat his

6   knee on January 3, 2011 was substantially motivated by plaintiff's grievances.  Defendant

7   confoundingly argues that "Plaintiff cannot allege that his action of filing a grievance was a

8   substantial motivating factor in Defendant's failure to see him for his knee injury on January 3,

9   2011 where responding to his grievance was, by his own admission, the very purpose of

10  Defendant's request to see Plaintiff."  ECF No. 19-1 at 9.  It is certainly possible that, having

11  called plaintiff to his office on January 3rd to address plaintiff's grievance, defendant refused to

12  evaluate plaintiff's swollen knee because he felt animosity toward plaintiff for having filed the

13  grievance he was in the process of responding to.  This is precisely what plaintiff alleges.  ECF

14  No. 1 at 4 (alleging that defendant's refusal to evaluate his swollen knee was "motivated by my

15  602 complaint").  Understandably, defendant denies the allegation.  But defendant has not shown

16  that plaintiff's allegations are insufficient to state a claim for retaliation in violation of the First

17  Amendment.

18        **B.    Qualified Immunity**

19        Lastly, defendant argues that he should be afforded qualified immunity.  The doctrine of

20  qualified immunity shields government officials from liability for damages for conduct that does

21  not violate a clearly established federal right of which a reasonable person would have known.

22  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

23        Defendant's argument for qualified immunity is predicated on defendant's denial that

24  plaintiff's rights were ever violated and the insistence that plaintiff has failed to state a claim.

25  /////

26  /////

1    Because plaintiff has alleged facts sufficient to state claims that defendant violated plaintiff's

2    First and Eighth Amendment rights, defendant's argument that he should be given qualified

3    immunity in the context of this Rule 12(b)(6) motion because he did not violate plaintiff's rights

4    necessarily fails.

5    **IV.    Motion for Preliminary Injunction**

6         Plaintiff has filed a motion for preliminary injunction, asking for an order directing

7    "defendants Tim Virga, Dr. Hamad, P. Kemp, J.R. Bradford, [and] A. Nappi" from enforcing a

8    50-page photocopy limit apparently in place at plaintiff's institution.  ECF No. 23.  None of

9    these individuals are defendants in the instant action.  (Virga was named a defendant but was

10   terminated on August 20, 2012 by the court's screening order.).  Plaintiff argues that the page

11   limit has inhibited his pursuit of a petition for writ of habeas corpus since October 2012.  *Id.* at 2.

12        A preliminary injunction will not issue unless necessary to prevent threatened injury that

13   would impair the courts ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

14   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

15   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

16   power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

17   *Inc.,* 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a

18   party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

19   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

20   and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

21   (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172

22   L. Ed. 2d 249 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it

23   applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction

24   test, so that a stronger showing of one element may offset a weaker showing of

25   another—survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 622

26   F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a

1   hardship balance that tips sharply toward the plaintiff can support issuance of an injunction,

2   assuming the other two elements of the *Winter* test are also met."  *Id.*  In cases brought by

3   prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

4   drawn, extend no further than necessary to correct the harm the court finds requires preliminary

5   relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

6          Here, the injunction must be denied for the simple fact that it challenges conduct that is

7   not a subject of this action and that allegedly occurred well after this action was initiated in April

8   2012.  Plaintiff's motion for preliminary injunction does not shown serious questions going to

9   the merits of this action (concerning medical care for plaintiff's knee) because it relates solely to

10  entirely different events (plaintiff's inability to copy the entirety of a petition for writ of habeas

11  corpus).  The allegations contained in the motion for preliminary injunction should either be the

12  subject of another lawsuit or be raised in plaintiff's habeas action.  The court cannot adjudicate

13  the allegations in this action, where they cannot be properly exhausted through the

14  administrative appeals process pre-filing and where the parties whom plaintiff seeks to enjoin are

15  not before the court.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per

16  curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that

17  claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v.*

18  *Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal.

19  Feb. 11, 2011).  Accordingly, plaintiff's motion for preliminary injunctive relief must be denied.

20  **V.     Order and Recommendation**

21         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a

22  United States District Judge to this action.

23         Further, IT IS HEREBY RECOMMENDED that:

24         1.  Defendant's December 10, 2012 motion to dismiss (ECF No. 19) be denied; and

25  /////

26  /////

10

2.  Plaintiff's March 11, 2013 motion for injunction (ECF No. 23) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE